UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Prairie Island Indian Community,

Plaintiff,

v.

Bruce C. Babbitt, Secretary,
United States Department of Interior,

Defendant,

and

The Sokaogon Chippewa Community (Mole Lake Band of Lake Superior Chippewa), the Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wisconsin, and the Red Cliff Band of Lake Superior Chippewa Indians of Wisconsin,

Intervenor-Defendants.

Civil File No. 00-1662 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court upon Intervenor-Defendants' Motion to Dismiss or Transfer Venue. For the following reasons, the Court denies the Motion.

## BACKGROUND

The factual and procedural history of this case are set forth in the Court's previous Memorandum Opinion and Order (Clerk Doc. No. 45) filed November 2 , 2000. Therefore,

FILED DEC 0 4 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

this Memorandum Opinion will include only a brief recitation of the facts relevant to the present Motion.

In October 1993, Intervenor-Defendants ("Intervenors") applied to the Department of the Interior's Bureau of Indian Affairs under the Indian Gaming Regulatory Act ("IGRA") for permission to operate an off-reservation gaming casino in Hudson, Wisconsin. On July 14, 1995, Defendant Secretary of the Interior denied the application, finding that the new casino would have a detrimental impact on the surrounding communities and would cause irreparable economic injury to existing nearby Indian gaming casinos. Intervenors challenged the denial in the Western District of Wisconsin.[1] In November 1999, the parties entered into a settlement agreement in which Defendant agreed to reconsider the application.

Pursuant to the agreement, Defendant is required to use the existing record supplemented by information from the Intervenors. Defendant is permitted, however, to consult in a limited capacity with neighboring tribes. Concerned with this limitation, the St. Croix Chippewa Indians of Wisconsin (the "St. Croix"), owners and operators of a gaming casino approximately fifty miles from the proposed Hudson casino, moved to intervene. On December 6, 1999, Judge Crabb denied the motion to intervene and approved the settlement agreement. The St. Croix appealed and the Seventh Circuit affirmed. See Sokaogon Chippewa Cmty. v. Babbitt, 214 F.3d 941, 948-49 (7th Cir. 2000).

---

[1] The Honorable Barbara B. Crabb, United States District Judge for the Western District of Wisconsin.

Thereafter, Defendant began reassessing Intervenors' application, a process which is still ongoing. In June 2000, Plaintiff Prairie Island Indian Community filed this lawsuit challenging Defendant's decision to forego additional consultation under IGRA during reassessment of Intervenors' application. Plaintiff owns and operates Treasure Island Resort and Casino, an on-reservation gaming facility approximately forty miles from the proposed site in Hudson. Plaintiff believes that if Intervenors are ultimately permitted to operate a casino in Hudson, its now-thriving casino and community will be irreparably harmed. Plaintiff therefore seeks to enforce IGRA's consultation provision in order to ensure that Defendant considers the potential negative effects attendant to approval of the application.

**DISCUSSION**

Intervenors[2] seek to have Plaintiff's Complaint dismissed for lack of subject matter jurisdiction or transferred to the Western District of Wisconsin pursuant to either 28 U.S.C. § 1391 or 28 U.S.C. § 1404(a). The Court addresses each requested relief in turn.

**A. Subject Matter Jurisdiction.**

Intervenors contend that this Court is without jurisdiction to hear this case because the Western District of Wisconsin is presently exercising exclusive jurisdiction over the matter. While it is true that Judge Crabb retains jurisdiction over administration of the settlement agreement, see Sokaogon v. Babbitt, No. 95-C-859-C (W.D. Wis. Dec. 6, 1999), Plaintiff in

[2] Although he has not formally moved for such relief, Defendant has filed papers in support of Intervenor's Motion. For purposes of brevity, however, the Court will refer only to Intervenors.

this case was not a party to that agreement and therefore cannot be bound by its terms or jurisdictional limitations. As a result, Plaintiff is not precluded from bringing a related suit in this forum. As the Seventh Circuit expressly advised, "[o]thers . . . who are not parties to the Settlement Agreement are not bound by its terms and are free to challenge any administrative decisions that emerge from the process." Sokaogon, 214 F.3d at 949. The Court therefore rejects Intervenors' jurisdictional challenge.

**B. Venue.**

Intervenors also contend that this case should be transferred to the Western District of Wisconsin because this venue is improper. Venue in the District of Minnesota is based on 28 U.S.C. § 1391(c), which provides that:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which . . . the plaintiff resides if no real property is involved in the action.

Intervenors argue that §1391(e) does not apply because real property is involved in this action. In particular, they claim that this lawsuit is a straightforward attempt to prevent Intervenors from acquiring land in Hudson, Wisconsin for gaming purposes. The Court disagrees. Clearly, this case does have some relationship to real property. After all, without the proposed land acquisition, there would be no proposed gaming license to consider. However, the heart of this matter is not the acquisition of land, but rather Plaintiff's right to

be consulted in the determination of whether Intervenors should be permitted to operate a gaming facility. The precise relief requested by Plaintiff is not that Intervenors' land trust application be rejected, but rather that Defendant be enjoined from acting on the application without first consulting with them under IGRA. Resolution of this issue will involve "administrative expertise[,]" not "questions of a peculiarly local nature" or knowledge of real property law. Santa Fe Int'l Corp. v. Watt, 580 F. Supp. 27, 30 (D. Del. 1984). The tangential relationship to land acquisition is therefore insufficient to render venue improper in this District. See Shell Oil Co. v. Babbitt, 920 F. Supp. 559, 563 (D. Del. 1996) (noting that "courts have uniformly held that if real property is only 'peripherally' or 'marginally' involved, a plaintiff retains its right to sue in the judicial district in which it resides.").

**C. Transfer Under 28 U.S.C. § 1404.**

Lastly, Intervenors argue that this case should be transferred to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a). Transfer may be effectuated under that provision "[f]or the convenience of the parties and witnesses [or] in the interest of justice." Such a determination requires "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). It should be noted, however, that transfer of venue should not be freely granted. Radisson Hotels Int'l, Inc. v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996). Rather, the plaintiff's choice of forum is afforded presumptive weight and "the party seeking to transfer bears a 'heavy burden' of showing that 'the balance

of factors strongly favors the movant.'" Id. (quoting United Mortgage Corp. v. Plaza Mortgage Corp., 853 F. Supp. 311, 315 (D. Minn. 1994)). Therefore, the Court will defer to Plaintiff's choice of forum unless the convenience of the parties, the convenience of the witnesses, and the interests of justice weigh strongly in favor of transfer. See Terra, 119 F.3d at 691; see also 28 U.S.C. § 1404(a).

1. Convenience of the Parties.

In order to carry its burden under this prong, Intervenors must establish that the inconvenience it faces in litigating the case in Minnesota strongly outweighs the burden Plaintiff would bear if venue were transferred to Wisconsin. Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc., 594 F. Supp. 731, 733 (D. Minn. 1984). In other words, transfer is only appropriate under this factor where the proposed transferee venue is "a more convenient forum" than the original forum, rather than an equally convenient forum. Graff v. Qwest Communications Corp., 33 F. Supp.2d 1117, 1121 (D. Minn. 1999). Intervenors have simply not met their burden in this regard. Indeed, this forum appears to be the most logistically convenient for most of the parties involved. Plaintiff is located in Minnesota and the Intervenors, while from Wisconsin, are located closer to this District than to the Western District of Wisconsin. In addition, there is no evidence that Defendant will have a more difficult time litigating this case in Minnesota than in Wisconsin.

2. Convenience of Witnesses.

This prong of the analysis requires the Court to ascertain the "relative ease of access to sources of proof" in the competing venues. Nelson v. Master Lease Corp., 759 F. Supp. 1397, 1402 (D. Minn. 1991). Again, the Court is not satisfied that this factor favors transfer. Because this matter involves the review of an administrative decision, it will be primarily litigated on paper, using both the record established in the Sokaogon case as well as the record prepared exclusively for this case. The Court is not convinced that such papers, to the extent that they require transport, cannot be efficiently brought to this forum. In addition, there has been no contention that there are necessary witnesses who are unwilling or unable to participate in this case if it remains in this forum.

3. Interests of Justice.

The interests of justice prong of the analysis carries the most weight. Graff, 33 F. Supp.2d at 1122. Indeed, "[t]he question of convenience of parties and witnesses under § 1404(a) is one which must be measured in terms of 'the interest of justice' in relation to the situation which is involved and on the basis of proper judicial discretion exercised as to its whole." I-T-E Circuit Breaker Co. v. Regan, 348 F.2d 403, 405 (8th Cir. 1965). Factors that may be considered include relative familiarity of the two courts with the law to be applied; relative ability of the parties to bear the expense of litigating in a distant forum; and comparative probabilities of delay and concomitant expense because of overloaded dockets. First Nat'l Bank of Minneapolis v. White, 420 F. Supp. 1331, 1337 (D. Minn. 1976).

The Court is mindful of Judge Crabb's extensive exposure to the facts and circumstances surrounding this case. Nevertheless, apart from the ongoing jurisdiction with respect to the settlement agreement, the case before Judge Crabb is closed and there are no related lawsuits currently pending before her. Moreover, the Court is equally capable of assessing the issues and the federal law to be applied in this case.

The Court notes Intervenors' concerns with the relatively heavy case load of this District compared to that of the Western District of Wisconsin. Such concerns, while not unfounded, should be allayed. Given the time-sensitive nature of this case, the Court is prepared to proceed with all due speed. Accordingly, the Court finds that the interests of justice weigh in favor of this Court retaining jurisdiction over this case.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court denies Intervenor-Defendants' Motion to Dismiss or Transfer Venue. Although the Court finds that transfer to the Western District of Wisconsin is unwarranted at this time, the Court would entertain a subsequent motion should transfer become more expeditious at a later time during the course of this lawsuit.

Accordingly, **IT IS HEREBY ORDERED** that Intervenor-Defendants' Motion to Dismiss or Transfer Venue (Clerk Doc. No. 32) is **DENIED WITHOUT PREJUDICE**.

Dated: December 4, 2000

Paul A. Magnuson
United States District Court Judge