**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**PRAIRIE ISLAND INDIAN COMMUNITY,**

Plaintiff,

v.

**BRUCE BABBITT, Secretary, United States Department of the Interior,**

Defendant,

and

**SOKAOGON CHIPPEWA COMMUNITY (Mole Lake Band of Lake Superior Chippewa), LAC COURTE OREILLES BAND OF LAKE SUPERIOR CHIPPEWA INDIANS OF WISCONSIN, and RED CLIFF BAND OF LAKE SUPERIOR CHIPPEWA INDIANS OF WISCONSIN,**

Intervenor-Defendants.

Civil No. 00-1662 (PAM/JGL)

**O R D E R**

---

APPEARANCES

Julie Ann Fishel, Esq., for Plaintiff.
Gregory Guy Brooker, Esq., Assistant United States Attorney, for Defendant.
Todd Farris, Esq., for Intervenor-Defendants.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on April 24, 2001, on Plaintiff's

FILED MAY 9 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Motion to Compel Answers to Interrogatories and Responses to Document Requests from Intervenor-Defendants (Doc. No. 53), Intervenor-Defendants' Motion to Adjourn (Doc. No. 56), and Defendant's Motion for a Protective Order Limiting Judicial Review to the Administrative Record and for an Order Quashing Plaintiff's Rule 30(b)(6) Deposition Notice (Doc. No. 60). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. BACKGROUND

Plaintiff Prairie Island Indian Community ("Prairie Island") brought this lawsuit against the Secretary of the Department of the Interior ("Secretary"), alleging that the Secretary wrongly denied Prairie Island its right to consultation in connection with three Wisconsin Indian tribes' ("Intervenor-Defendants") application to operate a gaming casino in Hudson, Wisconsin. The right to consultation is mandated by the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2719(b)(1)(A). The present disputes before this Court concern Prairie Island's attempts to obtain discovery beyond the administrative record of the consultation decision, and the Secretary and Intervenor-Defendants' shared interest in limiting discovery and judicial review to the administrative record prepared in connection with that decision.

On March 24, 1994, Intervenor-Defendants submitted an application to the Bureau of Indian Affairs, Department of the Interior

("Interior"), to take into trust a greyhound racing track in Hudson. Intervenor-Defendants intended to convert the track into a gaming operation. The application triggered a comprehensive administrative process by the Secretary. Section 20 of IGRA governs Indian gaming on trust land acquired after October 17, 1988, and prohibits such gaming unless certain exclusions or exceptions apply. The exception relevant to this case applies when the gaming operation would be in the best interest of the Indian tribe, but would not be injurious to the surrounding community. See 25 U.S.C. § 2719(b)(1)(A). In making this two-part determination, the Secretary must consult with the applicant tribe, state and local officials, and officials of other neighboring tribes. See id. Even if the Secretary makes a favorable determination, gaming is nevertheless prohibited unless the state governor concurs in the decision. See id.

In 1994, Interior began the consultation process and invited comments from local Indian tribes including Prairie Island. Prairie Island urged the Secretary to deny the § 20 application. On July 14, 1995, the Secretary denied Intervenor-Defendants' § 20 application. In the determination letter, the Deputy Secretary explained that the applicants had not shown that a new casino would not have a detrimental impact on the surrounding community. On September 15, 1995, Intervenor-Defendants sued the Secretary in the Western District of Wisconsin pursuant to the Administrative

Procedure Act ("APA"), alleging that the § 20 decision was arbitrary and capricious.

In 1999, the Secretary and Intervenor-Defendants entered into a settlement agreement wherein the Secretary agreed to vacate the § 20 decision and to reconsider the application. The settlement agreement explicitly set forth the process by which the application would be reconsidered. The Secretary was required to use the existing record supplemented by information from the applicant tribes. In addition, the Secretary was permitted to consult with other tribes only to the extent that the information related to compliance with the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq.

The Secretary began reconsideration of the application in 1999, and Plaintiff Prairie Island wrote to Interior and requested an opportunity for additional consultation in accordance with IGRA. On June 27, 2000, Interior told Prairie Island that pursuant to the settlement agreement, it would be publishing a draft environment assessment and that Prairie Island could submit comments regarding only the environmental review process.

On July 17, 2000, Prairie Island commenced the present action pursuant to the APA, 5 U.S.C. §§ 702 and 704, specifically claiming that the Secretary acted arbitrarily and capriciously when he refused to allow Prairie Island additional IGRA consultation during the reconsideration of Intervenor-

Defendants' application. Plaintiff does not challenge the Secretary's § 20 determination in this lawsuit, only the narrow consultation decision.

## II. PLAINTIFF PRAIRIE ISLAND'S MOTION TO COMPEL DISCOVERY FROM INTERVENOR-DEFENDANTS

The Court notes at the outset that in this motion, Plaintiff Prairie Island seeks discovery not from the Defendant agency, but from Intervenor-Defendants. Plaintiff served interrogatories and document production requests on Intervenor-Defendants on December 27, 2000. Plaintiff sought the following: the bases for denials and affirmative defenses contained in Intervenor-Defendant's Answer, information about the potential revenue of the proposed casino, documents relating to the potential impact on Prairie Island, and all documents related to the application which were submitted to any agency. The three intervening tribes objected on the grounds that the action was brought pursuant to the APA, which limits discovery to the administrative record of the consultation decision.[1] Intervenor-Defendants also objected generally on the grounds of irrelevance and overbreadth, and raised other specific objections to individual requests. Prairie Island submits that the circumstances of this case should except it from the general discovery limitation imposed by the APA.

---

[1] The administrative record of the consultation decision, which the Secretary provided to Plaintiff, consists of twenty-three documents. (Def. Ex. L.)

**A. The Limits of Judicial Review of Federal Agency Action**

Title 5 U.S.C. § 702 provides for judicial review of federal agency actions. The scope of review of an agency's decision is whether the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In making that determination, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973); see also Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985) (holding judicial review is confined to the administrative record before the agency when it made the decision); Maxey v. Kadrovach, 890 F.2d 73, 77 (8th Cir. 1990) (stating the reviewing court may consider only the administrative record).[2] Thus, judicial review under the APA differs from procedures typically used to resolve civil actions in federal courts. See, e.g., Fed. R. Civ. P. 26(a)(1)(E) (excluding review of an administrative action from the initial disclosures requirement) & advisory committee's note (explaining there would be "little or no discovery" in such a case).

---

[2] Plaintiff insists that the relevance standard in Fed. R. Civ. P. 26(b) governs the discoverability of information in this case. In theory, the Court agrees. Relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Hickman v. Taylor, 329 U.S. 495, 501 (1947). Accordingly, if the APA limits judicial review to the administrative record of the consultation decision, it follows that only evidence in that record is relevant.

Plaintiff Prairie Island first argues that Intervenor-Defendants are not entitled to rely on the APA's discovery limitation. The Court disagrees. Contrary to Plaintiff's position, the APA discovery limitation is not a "defense" which may be asserted only by the government agency. The rule limits judicial review to the administrative record; thus, the limitation applies to all parties and participants in the case, including the courts. If the Court adopted Plaintiff's position, the rule would be meaningless, and parties would always seek extra-record discovery from everyone except the agency. The cases cited by Plaintiff do not hold or even imply that only an agency defendant may decline to produce extra-record discovery. Rather, in these cases, the agency defendant was the entity which asserted that right. Furthermore, even if Prairie Island obtained extra-record discovery from an entity other than Interior, the Court would not be able to consider the evidence absent some additional showing.

Having found that the general rule of limited discovery applies to information sought from Intervenor-Defendants, the Court turns to whether Plaintiff is entitled to the material. There are "certain narrow exceptions" to the general rule of limited discovery that permit a court in its review to go beyond the administrative record. Earth Protector, Inc. v. Jacobs, 993 F. Supp. 701, 711 (D. Minn. 1998). One such exception occurs when the plaintiff makes a "strong showing of bad faith or improper behavior." Maxey, 890 F.2d at 77

(quoting Corning Sav. & Loan Ass'n v. Federal Home Loan Bank Bd., 736 F.2d 479, 481 (8th Cir. 1984)). A second exception applies when a court needs extra-record evidence to explain the administrative record, as long as the court does not substitute its own judgment for the agency's. See Arkla Exploration Co. v. Texas Oil & Gas Corp., 734 F.2d 347, 357 (8th Cir. 1984) (citation omitted); see also Camp, 411 U.S. at 142-43 (directing courts to obtain additional evidence or explanations from the agency if the agency fails to effectively explain its administrative action, thereby frustrating judicial review). The third and final exception arises when "it appears that the agency has relied on substantial records and materials not included in the record." Sokaogon Chippewa Cmty. v. Babbitt, 929 F. Supp. 1165, 1172 (W.D. Wis. 1996) (citations omitted). For any of the exceptions to apply, the plaintiff must make a "strong showing." See id. at 1173.

### 1. The "Bad Faith or Improper Behavior" Exception

Plaintiff Prairie Island alleges that the Secretary's decision to reconsider Intervenor-Defendants' application without allowing additional comment by neighboring tribes raises an implication of bad faith or impropriety, given that the original application was denied because of the detriment the casino would cause to nearby tribes. However, Plaintiff offers no factual support for its position, only a bald assertion. In Earth Protector, the plaintiff provided the court with internal documents and memoranda that

raised questions about the agency's decisionmaking process and ultimate decision, and even so, the court found no bad faith by the agency. See 993 F. Supp. at 708. Here, Prairie Island has provided the Court with no evidence of bad faith, much less a strong showing. Prairie Island relies only on a suspicion. "[V]ague references to a need to inquire" into an agency's decision are insufficient to permit discovery beyond the administrative record. Id. at 711.

Furthermore, the Secretary's decision to reconsider with limited consultation from other tribes was mandated by the terms of the settlement agreement, a document which Prairie Island possesses. (Def. Ex. L.7.) The settlement agreement was approved by a district court in the Western District of Wisconsin and by the Seventh Circuit Court of Appeals, indicating there was no bad faith or improper behavior influencing its negotiation. Finally, Prairie Island seeks discovery from Intervenor-Defendants, not the Secretary or Interior. Plaintiff does not charge the three intervening tribes with bad faith or explain why they would have evidence of the Secretary's purported bad faith. It appears that Prairie Island is seeking discovery from the wrong party.

For all of the above reasons, the Court finds the bad faith or improper behavior exception inapplicable. The Court declines to grant Plaintiff's motion on this basis.

### 2. <u>The Exception When Further Explanation Is Needed</u>

Plaintiff Prairie Island makes several arguments germane to the exception applicable when a court needs extra-record evidence to explain the administrative record. First, according to Prairie Island, this lawsuit involves "extraordinary circumstances" so as to except it from the general rule of limited discovery. Specifically, Prairie Island contends there have been both political and economic changes in the five years since the Secretary's initial decision. Second, Prairie Island claims there have been significant changes to the original casino proposal, raising the possibility that the reconsidered application was actually a new application. Third, Prairie Island questions whether its comments regarding the environmental review process were properly considered in a manner equivalent to consultation. Prairie Island believes these circumstances necessitate further explanation of the consultation decision.[3]

Prairie Island has not made a strong showing that further explanation is needed beyond the administrative record already produced. The settlement agreement specifically mandates how the § 20 application would be reconsidered, including consultation from other tribes. (Def. Ex. L.7.) In this

---

[3] The Court is mystified about why Prairie Island seeks information from Intervenor-Defendants to provide further explanation of the Secretary's decision. If the Secretary's decision was influenced by political or economic conditions, changes in the original application, or the environmental review process, it is logical that the Secretary would possess such information.

case, there are no complicated technical terms to be explained, as in Arkla Exploration Co., 734 F.2d 347, nor has the Secretary completely failed to explain his decision. The Court is not persuaded that the passage of time, during which there may have been changed political or economic factors, warrants an explanation beyond what is in the record. It is not unusual for administrative decisions to span several years. Such passage of time does not automatically assure extra-record discovery. In addition, in an Order dated November 2, 2000, Judge Magnuson indicated that the reconsidered application is not a new application despite any changes to the proposal. Thus, this argument fails as well.

Finally, as to whether Plaintiff's NEPA comments were considered in a manner equivalent to consultation, Plaintiff does not explain how the particular information and documents it seeks from the intervening tribes will reveal the Secretary's consideration of comments. Prairie Island contends that the record produced by the Secretary does not explain why the Secretary limited consultation during the reconsideration process. To the contrary, the record contains the settlement agreement. It seems as though Plaintiff wants to scrutinize the entire § 20 record in search of a smoking gun. However, without some strong showing warranting such a fishing expedition, the Court will not compel the extra-record discovery from Intervenor-Defendants. And, Plaintiff has not made such a showing.

### 3. The Exception When an Agency Has Substantially Relied on Extra-Record Materials

Prairie Island claims that several documents in the public record reference meetings between counsel for Intervenor-Defendants and Interior. Plaintiff presumes these references indicate the Secretary's reliance on materials not disclosed to Plaintiff as part of the administrative record. However, upon review of the documents attached as evidence in support of Plaintiff's argument, (Pl. Mem. Supp. Mot. Compel at 15; Fishel Aff. Exs. R, S, T), the Court finds no reference to the Secretary's consultation decision. Thus, there is no support for the conclusion that the Secretary relied on extra-record information in making the consultation decision. Accordingly, this exception is unavailable to Plaintiff as well.

## B. The Relevance of the Specific Discovery Requests at Issue

Even if Prairie Island was entitled to obtain extra-record discovery from Intervenor-Defendants, the Court finds most of the requested information irrelevant to the Secretary's consultation decision, pursuant to the traditional analysis in the Federal Rules of Civil Procedure and other discovery rules.

Interrogatory No. 1 seeks the basis for Intervenor-Defendants' denial of paragraph 11 of the Complaint. Paragraph 11 inquires into the business relationship of Intervenor-Defendants with a Wisconsin corporation and Mr. Fred Havenick, a relationship which has no demonstrable relevance to the Secretary's consultation decision. Interrogatory No. 2 seeks information

about paragraph 15 of the Complaint, which addresses the Secretary's 1995 adverse decision, not the consultation decision. Interrogatory No. 4 requests information about paragraph 18, which discusses the proposed casino in comparison with Prairie Island's resort and casino, not the Secretary's consultation decision. Interrogatories No. 6, 7, and 8 relate to Intervenor-Defendants' affirmative defenses of estoppel, res judicata, waiver, unclean hands, and separation of powers. Prairie Island has not even attempted to explain how these defenses pertain to the Secretary's consultation decision. Document Request No. 2 asks for market analyses or studies performed by Intervenor-Defendants relating to potential revenues of the proposed casino. The Court fails to see how this information is relevant to the Secretary's consultation decision. Request No. 3 seeks documents pertaining to the impact of the casino on the Prairie Island Indian Community or other nearby tribes. Again, Plaintiff does not demonstrate how this information is relevant to the Secretary's decision to forego additional consultation during the reconsideration process. On the other hand, it appears that Interrogatories No. 3, 5, and 9, and Document Requests No. 1 and 4, would be at least partially relevant to the Secretary's consultation decision, although Plaintiff does not provide the Court with arguments specific to the requests at issue. Furthermore, even if traditional discovery rules applied, the nature of the

information sought dictates that it should come not from Intervenor-Defendants, but from the Secretary.

### C. <u>Prairie Island's Proposed Remedy</u>

As a final basis for denying Prairie Island's motion to compel discovery from Intervenor-Defendants, the Court finds that Plaintiff seeks the wrong remedy. The appropriate remedy to obtain discovery beyond the administrative record would not be to compel it from Intervenor-Defendants, but to require further explanation from the Secretary. <u>See</u> <u>Florida Power</u>, 470 U.S. at 744.

## II. DEFENDANT SECRETARY'S MOTION FOR A PROTECTIVE ORDER LIMITING JUDICIAL REVIEW TO THE ADMINISTRATIVE RECORD DESIGNATED BY THE SECRETARY AND FOR AN ORDER QUASHING PLAINTIFF'S RULE 30(b)(6) DEPOSITION NOTICE

Prairie Island has served three notices of a Rule 30(b)(6) deposition, as well as interrogatories and document requests, on the Secretary. The Secretary objects to participating in such discovery on the basis that it is beyond the administrative record of the consultation decision. Thus, the Secretary moves for a protective order limiting judicial review in this case to the administrative record of the Secretary's consultation decision and for an order quashing the Rule 30(b)(6) deposition.

### A. The Request for an Order Limiting Judicial Review

Fed. R. Civ. P. 26(c) governs protective orders and provides:

> Upon motion by a party or by the person from whom discovery is sought, . . . for good cause shown, the court in which the action is pending . . . may make an order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

A protective order is appropriate to limit the scope of discovery or disclosures. See Fed. R. Civ. P. 26(c)(4). A court has broad discretion in determining whether a protective order is warranted and the appropriate degree of protection. See May Coating Tech., Inc. v. Illinois Tool Works, 157.F.R.D. 55, 57 (D. Minn. 1994) (citations omitted). A showing that proposed discovery would be irrelevant satisfies the good cause requirement of Rule 26(c). See Smith v. Dowson, 158 F.R.D. 138, 140-41 (D. Minn. 1994); Johnson v. Mortham, 164 F.R.D. 571, 572 (N.D. Fla. 1996) (finding that a protective order may be used to limit the scope of discovery to disputed issues).

As good cause, Defendant avers that Plaintiff has not made the requisite showing that extra-record discovery is warranted. While the Court declined to allow Prairie Island extra-record discovery with respect to Intervenor-Defendants, the decision was made in part because Intervenor-Defendants were not necessarily the appropriate party from whom to seek discovery related to the Secretary's consultation decision. In addition, while there may be grounds for one of the exceptions to apply in this case, Plaintiff's

attempts at showing such grounds fell short of the mark. Nevertheless, the Secretary has not persuaded the Court that a protective order governing all parties is warranted at this time. For the following reasons, the Secretary's request for a protective order limiting judicial review is denied.

First, the Court notes that the Secretary requests a protective order not to limit discovery, but to limit judicial review, which is the final action in this case, and which will be done by the district court. Thus, Defendant's motion is premature. At this stage in the pretrial proceedings, ordering that the ultimate judicial review be limited to the administrative record of the consultation decision would be tantamount to deciding what evidence would be admissible at a trial. The function of this Court is to determine discovery disputes, not determine what evidence is finally reviewed. Such a decision should be made by the district court conducting the judicial review.

Second, Prairie Island's attempt to obtain extra-record discovery was directed at Intervenor-Defendants, not the Secretary, as the Court has repeatedly observed. Different considerations for these parties develop when appraising the precise information sought and the roles the parties had in the consultation decision. Plaintiff's "showings" might have been stronger had they been directed at the Secretary and the discovery requests served on Interior.

Finally, the Court finds that a clear relationship exists between the consultation decision and the larger § 20 determination. It is not reasonable to

believe that the Secretary's consultation decision was made in isolation from the larger § 20 decision. To the contrary, the consultation decision was made in the context of a settlement agreement concerning the entire § 20 application. "The APA specifically contemplates judicial review on the basis of the agency record compiled in the course" of its decisionmaking process. Florida Power, 470 U.S. at 744. In this case, Interior had been compiling a record on the § 20 decision since 1994. Designating twenty-three documents, from material amassed over six years, as the entire and exclusive basis for an administrative decision, albeit a small one, seems implausible. Moreover, Judge Magnuson recognized that the current dispute over Plaintiff's consultation rights "revolves around the consideration of the initial application, for which there is an extensive administrative record." (Order of Nov. 2, 2000, at 13-14.) Such language indicates that the district court would at least consider examining extra-record discovery in its judicial review. Thus, this Court cannot deem information beyond what the Secretary has designated as the record of the consultation decision so irrelevant as to warrant a protective order.

**B. The Request for an Order Quashing the Rule 30(b)(6) Deposition**

Plaintiff seeks to depose a representative of Interior on various subjects pertaining to both the consultation decision and the § 20 decisionmaking process. Defendant objects.

Courts should avoid permitting inquiry into the mental processes of administrative decisionmakers. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971), overruled on other grounds by Califano v. Sanders, 430 U.S. 99, 105 (1977); United States v. Morgan, 313 U.S. 409, 422 (1941). The Court finds in the case at bar that the proposed deposition should not take place. Not only has Plaintiff failed to make a strong showing in support of its position, but the Court discerns no need to inquire into the mental processes of an agency decisionmaker. Permitting the deposition would be too drastic a remedy. As the Secretary acknowledges, the preferred remedy would be to remand the matter to the agency for further explanation. See Overton Park, 401 U.S. at 420 (allowing the agency to prepare formal findings in lieu of a deposition). Here, additional written disclosures could fulfill Plaintiff's requests without resorting to a deposition.

Defendant's request to quash the Rule 30(b)(6) deposition is therefore granted.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff's Motion to Compel Answers to Interrogatories and Responses to Document Requests from Intervenor-Defendants (Doc. No. 53) is **DENIED**;

(2) Intervenor-Defendants' Motion to Adjourn (Doc. No. 56) is **DENIED AS MOOT**; and

(3) Defendant's Motion for a Protective Order Limiting Judicial Review to the Administrative Record and for an Order Quashing Plaintiff's Rule 30(b)(6) Deposition Notice (Doc. No. 60) is **DENIED** as to the protective order and **GRANTED** as to the order to quash.

Dated: May 8, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge